UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
KENT 160 LLC,                          )
                                       )  No. C09-1670RSL
               Plaintiff,              )
       v.                              )
                                       )  ORDER DENYING DEFENDANTS'
CITY OF AUBURN, *et al.*,              )  MOTION TO DISMISS
                                       )
               Defendants.             )
_____)

This matter comes before the Court on "Defendants' Rule 12(b)(6) Motion to Dismiss" (Dkt. # 8) and "Plaintiff's Motion for Leave to File Response to Defendants' Motion to Strike" (Dkt. # 15). Defendants argue that all of plaintiff's claims are barred by the "exceptionally broad release of liability and suit" contained in the contract between the parties. Dkt. # 8 at 2. Plaintiff maintains that the release is not as broad as defendants suggest and that, if it is "exceptionally broad," it is unenforceable under Washington law. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). Although the Court may consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether

---

[1] This matter can be decided on the papers submitted. Plaintiff's request for oral argument is therefore DENIED.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

the allegations of the complaint state a claim upon which relief can be granted (United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003)), only the Utility Extension Agreement ("UEA") between the parties falls within one or more of these categories.[2] For purposes of this motion, therefore, the allegations of the First Amended Complaint ("FAC") and the contents of the UEA are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Factual allegations asserted in the parties' memoranda that are not contained in or supported by the complaint and/or the UEA have not been considered.[3]

## BACKGROUND

In 2003 and 2004, plaintiff began the process of developing a piece of property in the City of Kent. FAC ¶ 9. The City of Kent, however, was not actively providing sanitary sewer service to the area, so plaintiff negotiated an agreement with the City of Auburn to access its sanitary sewer service. FAC ¶¶ 10 and 12. The City of Auburn held itself out as willing and able to provide service to the property. FAC ¶11. The UEA was signed by the parties in June 2005. FAC ¶ 13; Dkt. # 8, App. A at 12.

At some point between June 2005 and the spring of 2007, the City of Auburn requested that plaintiff construct an over-sized pump station and force main that would allow the City to decommission two existing pump stations. FAC ¶ 18. The over-sized station would serve existing City of Auburn customers as well as the new development. Id. The construction of an over-sized pump station and force main to serve existing customers is not one of the conditions specified in the UEA for the extension of sewer services to the property. FAC ¶ 20.

---

[2] The other documents submitted by defendants, including the memorandum regarding the UEA and the Claim for Damages Form submitted to the City on August 5, 2008, do not form the basis of any of plaintiff's claims and are barely mentioned in the complaint.

[3] Having ascertained the proper scope of the record, the Court declines to rule individually upon the parties' various requests to strike. See Dkt. # 10 at 6-7; Dkt. # 12 at 5-6; Dkt. # 14. "Plaintiff's Motion for Leave to File Response to Defendants' Motion to Strike" (Dkt. # 15) is therefore DENIED as moot.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                    -2-

See also Dkt. # 8, App. A at ¶ 2.4 and § 3.  Plaintiff was willing to accommodate the City's request with the understanding that the City would reimburse plaintiff for the costs associated with the over-sizing.  FAC ¶ 19.

In the summer of 2007, the design of the over-sized pump station and force main was largely complete when the City stated that it would not reimburse plaintiff for the over-sizing costs.  FAC ¶¶ 21-22.  Plaintiff then proposed that the pump station and force main be redesigned to serve only the property and certain upstream properties (not existing City of Auburn customers) in accordance with the original expectations of the parties and the UEA.  FAC ¶¶ 23-24.  The City rejected the proposal and insisted that the over-sized facilities be built at plaintiff's cost if plaintiff still hoped to connect to the City of Auburn's sanitary sewer system.  FAC ¶ 24.  The City also demanded that plaintiff sign a waiver relinquishing any rights it might have to reimbursement for the over-sizing costs.  Id.

Plaintiff refused to sign the waiver.  FAC ¶ 26.  Under protest, it constructed the over-sized pump station and force main and submitted a claim for damages to the City of Auburn.  FAC ¶¶ 26-27.  The City did not respond to the claim for damages, prompting the filing of this suit in King County Superior Court on October 23, 2009.  The matter was removed to federal court by defendants, and plaintiff filed its First Amended Complaint on November 13, 2009.  Plaintiff asserts claims of breach of contract, breach of common law duties owed by a public utility, promissory estoppel, due process violations, takings, and tortious interference with business expectancy.[4]  Defendants argue that all of the claims are barred by the "Release of Claims" provision of the UEA, which reads:

> By signing this Agreement, the OWNER releases the CITY from any and all lawsuits, claims, causes of action, damages, or fees, whether now known or unknown, that it may have or may bring against the CITY as a result of the process for obtaining the sewer service as contemplated in this Agreement.

---

[4] Plaintiff has withdrawn its equitable estoppel claim.  Dkt. # 10 at 21, n.12.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                    -3-

Dkt. # 8, App. A at ¶ 6.12.

**DISCUSSION**

Washington law governs the interpretation of the UEA. Dkt. # 8, App. A at ¶ 6.9. The goal of contract interpretation is to ascertain the intent of the parties. Deep Water Brewing v. Fairway Resources Ltd., 152 Wn. App. 229, 248 (2009). Extrinsic evidence is admissible "to help the fact finder interpret a contact term and determine the contacting parties' intent regardless of whether the contract's terms are ambiguous." Brogan & Anensen LLC v. Lamphiear, 165 Wn.2d 773, 775 (2009). Extrinsic evidence cannot, however, be used to "show an intention independent of the instrument or to vary, contradict or modify the written word." Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503 (2005) (internal quotation marks omitted).

> . . . Washington continues to follow the objective manifestation theory of contracts. Under this approach, we attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties. We impute an intention corresponding to the reasonable meaning of the words used. Thus, when interpreting contracts, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used. We generally give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent. We do not interpret what was intended to be written but what was written.

Id. at 503-04 (internal citations omitted).

In their motion, defendants argue that the Release of Claims provision in the UEA should be interpreted to bar all claims arising from "the back-and-forth process of developing, constructing and financing the infrastructure, leading to sewer service, including all related or necessary parts that would facilitate it." Dkt. # 8 at 12.[5] Plaintiff, on the other hand, suggests

---

[5] Defendants concede that the Release would not preclude a breach of contract claim or claims based on allegations of willful misconduct, but argue that plaintiffs have not appropriately alleged such claims. Dkt. # 12 at 7. Having reviewed the allegations of the First Amended Complaint, the Court finds that they are sufficient to provide 'fair notice' of the nature of plaintiff's claims against defendants

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                           -4-

1  that "the process of obtaining the sewer service as contemplated in the Agreement" should be
2  interpreted to mean (a) the process the parties engaged in that resulted in the signing of the UEA[6]
3  or (b) the City's adopted processes and rules governing applications for sewer service and their
4  consideration by the City, including their grant or denial.  Dkt. # 10 at 18-19.
5      The Court is unable to determine whether the first or third interpretation reflects
6  the intent of the parties at the time of contracting.  Neither interpretation is objectively
7  unreasonable given the entirety of the Agreement and the context in which it was drafted.
8  Despite having no obligation to do so, the City agreed to extend sewer service to the property
9  and, in exchange, negotiated a release to protect itself from liabilities arising from the process.
10 Dkt. # 8, App. A at ¶ 6.12.  The breadth of the Release, and the specific types of claims that are
11 barred, is open to debate, however.  The language of ¶ 6.12, considered in isolation, suggests
12 that plaintiff's interpretation is more appropriate.  Only those claims arising from the process of
13 obtaining sewer service "as contemplated in this Agreement" are released.  Since claims arising
14 from a separate agreement or from breaches of the UEA do not, by definition, involve actions
15 contemplated by the Agreement, the Release probably does not bar such claims.  Given the
16 context in which the Release was negotiated, however, there may be evidence that the parties
17 intended a much broader release in order to entice the City to extend sewer service to the
18 property.  If such extrinsic evidence exists, it would assist the Court in determining the parties'
19 intent and interpreting the language of the Release.
20     Because this matter was raised in the context of a motion to dismiss, there is no

---

and the 'grounds' on which the claims rest.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007).  Plaintiff has avoided labels, conclusions, and formulaic recitations of the elements of a cause of action in favor of factual allegations that are "enough to raise a right to relief above the speculative level."  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 234-236 (3rd ed. 2004)).

[6] The Court finds that this interpretation is not reasonable given the context in which the UEA was drafted and the language of the contract as a whole.  The Release bars all claims plaintiff may have "as a result of the process for obtaining the sewer service," not the process for obtaining the UEA.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                    -5-

admissible evidence regarding which party drafted the Release of Claims provision or whether there were contemporaneous discussions between the parties regarding the scope of the Release that would support a broader interpretation than the language, taken alone, suggests.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 8) is DENIED. Defendants' request for attorney's fees related to plaintiff's voluntary withdrawal of its equitable estoppel claim is also DENIED. Defendants' judicial estoppel arguments, which are not supported by case law and rest upon unacknowledged and unreasonable inferences, are rejected. "Plaintiff's Motion for Leave to File Response to Defendants' Motion to Strike" (Dkt. # 15) is DENIED as moot.

DATED this 26th day of April, 2010.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge